NEW RIVER LUMBER CO v. THE GLOBE-WERNICKE CO. et al.

Eastern Section.　May 21, 1927.

No petition for Certiorari was filed.

1. **Receivers.** Receivers completing a contract under order of court are not liable for that portion of the contract performed before the receivership.

In an action to recover from receivers on a certain contract a part of which had been performed before the receivership and the balance performed by the receiver in compliance with a court order, where it was sought to establish the whole account as a receivership debt and in preference to general creditors, held that that part of the contract performed before the receivership must stand as a general claim but that the balance of the contract performed by the receivers was entitled to preference as a receivership debt.

2. **Corporations.** A foreign corporation domesticated under the laws of Tennessee is entitled to share equally with resident creditors of Tennessee in the assets of a foreign insolvent corporation.

A foreign corporation which has been domesticated under the laws of Tennessee is entitled to be placed in the same class with other simple contract creditors, residents of Tennessee, in the distribution of the assets of a foreign insolvent corporation.

Appeal from Chancery Court, of Scott County; Hon. J. H. Wallace, Chancellor.

Reversed and remanded.

Fowler & Fowler, of Knoxville, for appellant.

E. G. Foster, of Huntsville, for appellee.

SENTER, J.　The appellant is also a petitioner in the above-styled cause. It is a foreign corporation, but has complied with chap. 31 of the Acts of 1877, and the amendatory acts thereto, and has thereby become domesticated in this State.

As stated in the opinion by this court on the appeal of the Jellico Grocery Company, a petitioning creditor to the general creditor's bill in this cause, the original and amended bill filed in this cause by complainant New River Lumber Company, was sustained as a general creditor's bill. The Beech Fork Timber Company set out in its petition that the Stony Fork Logging Company, a copartnership, entered into a certain contract with the New River Lumber Company, by the terms of which said logging company was to cut certain timber owned by the New River Lumber Company, make the same into logs and deliver the same to the line of the Tennessee Railroad Company, for the consideration of $17 per thousand feet of logs so cut and delivered; that thereafter, the contract was assigned orally and also by written instrument to the

petitioner, which assignment was duly recognized by the New River Lumber Company; that, the New River Lumber Company became indebted to petitioner under said contract up to the time of the filing of a general creditor's bill by the New River Lumber Company in this case in the sum of $4,259; that at the time of the filing of the original bill, however, said contract had not been completely performed, but the petitioner was at that time engaged in the performance thereof; that a petition was filed in the cause setting forth said contract, and that said contract had not been performed; and that the petitioner was willing and anxious to perform the same, and averring in said former petition the said indebtedness owing to it by the New River Lumber Company under said contract at the time the original bill was filed as a general creditor's bill. Said petitioner further averred and stated that the receiver appointed in the cause, upon application made by said receiver, was directed by the court to adopt and perform the contract aforesaid.

It is further averred in said petition that by adopting said contract, the receivers of the New River Lumber Company became liable to the petitioner for all sums owing to it growing out of said contract, and averred that the receivers could not assume the privileges of said contract without assuming the burden thereof, and that accordingly the receivers are liable to the petitioner in the said sum owing to it at the time of the filing of the original bill in the cause. The prayer of the petition is that the receivers be directed to pay said sum of $4,259 out of any funds in the hands of the receivers, or which would come into the hands of the receivers from the sale of the property of the New River Lumber Company, in preference to the claims of general creditors, and prays for general relief.

On the first consideration of the right of said petitioner to have said amount of $4259 treated as a preference over the claims of general creditors, the Chancellor first sustained said contention of said petitioner, but later, upon a reconsideration, held that the said sum of $4259, representing the amount that the New River Lumber Company owed to said petitioner under said contract at the time the original bill was filed, did not constitute a preferred claim over the claims of general creditors, and disallowed the contention made by the petitioner in said petition. It was held by the Chancellor that the order of the court directing the receiver to adopt and carry out the contract did not contemplate settling a pre-existing indebtedness resulting from the operations under said contract, and that a proper construction of the order of the court directing the receiver to adopt and carry out the contract would constitute the opening of a new account between the receiver and the petitioner operating under the contract. This holding by the Chancellor is to the effect that any indebtedness owed on the contract prior

to the filing of the insolvent bill by the New River Lumber Company would constitute the Beech Fork Timber Company a simple contract creditor of New River Lumber Company, and that all amounts accruing under the contract after the appointment of the receiver would constitute an indebtedness against the receiver and to be paid by the receiver out of the assets of the corporation. The petitioner, Beech Fork Timber Company, excepted to this decree of the Chancellor, and it is made the basis of the first assignment of error by appellant on this appeal.

In the course of the liquidation proceedings in the chancery court of Scott county certain orders of reference were made to the master. The Chancellor decreed that simple contract creditors of residents of Tennessee and simple contract creditors, natural persons residing in other States, would take precedence in the distribution of the assets of the complainant insolvent corporation, and to be paid in full before the claims of corporations existing under the laws of other States or countries could participate in the distribution of the assets, and that corporations organized and chartered under the laws of other States or countries, even such corporations as he had domesticated under the laws of the State of Tennessee, would be postponed in participating in the assets of the insolvent corporation until resident creditors and natural persons residing out of the State had received full payment on their claims. The order of reference made to the master directed him to investigate the petitions filed in the cause by creditors, and to classify the various character of creditors into groups classifications. This being the effect of the order of reference. In pursuance of this order of reference the Clerk and Master reported that the Beech Fork Timber Company was a foreign corporation, and placed it in Class "D" of the classification of creditors. Class "D" included foreign corporation creditors even though domesticated under the laws of this State, and this class of creditors by the report of the master, were postponed in participating in the assets of the insolvent corporation until Tennessee creditors and natural persons had received full payment on their claims. The Tennessee and natural persons simple contract class of creditors were placed in Class "C" in the report of the master.

Exceptions were filed by appellant Beech Fork Timber Company to the report of the master in placing it in Class "D" of the creditors, and in not placing it in Class "C." The Chancellor overruled the exceptions, and confirmed the report of the master. From the action of the court in overruling said exceptions and in confirming the report of the master on said matter, and in decreeing that appellant be postponed in the participation of the assets of the insolvent corporation until the payment in full of the classes of

creditors included in Class "C," the appellant Beech Fork Timber Company, excepted, prayed and was granted an appeal to this court and has asssigned errors. Also from the action of the Chancellor in holding and decreeing that it was not entitled to a preference over other general creditors in the amount of the $4259 pre-receiver's debt. The assignments of error are as follows:

## I.

"The court erred in not sustaining appellant's exceptions to the master's report which failed to give appellant preference over all other creditors and in decreeing that appellant was not so entitled, because

"(1)   The court ordered the adoption of appellant's contract.

"(2)   The parties to the adoption intended that pre-receivership claims growing out of the adopted contracts should be paid in full in preference to creditors of the New River Lumber Company.

"(3)   As a matter of law, the adoption of appellant's contract entitled the appellant to payment of his pre-receivership claims growing out of said contract, in preference to creditors of the New River Lumber Company."

## II.

"The court erred in overruling appellant's exception to the master's report postponing payment of appellant's claim to the claims of Tennessee creditors and nonresident creditors that are natural persons, because

"(1)   The statute under which this ruling was made cannot apply to foreign corporations which have been domesticated.

"(2)   The pleadings did not raise this question."

We are of the opinion that the first assignment of error must be overruled. The amount owing by the insolvent corporation to appellant prior to the filing of the original bill in this cause, appears to be the balance due on the account between the parties to the contract at the date of the filing of the bill growing out of the operations under the contract to the date of the filing of the original bill. This constituted a liquidated account, and if the contract had been terminated upon the filing of the bill the appellant would have been a general creditor of the complainant insolvent corporation, and would not have been entitled to any preference over other general creditors of the same class. Upon the assumption of the contract by the receiver, it was for the purpose of carrying out the contract for such portion of the cutting and delivery of the timber as had not been completed at the time of the filing of the original bill in the cause. All amounts accruing under the operations of the contract by the receiver would constitute a receivers

debt. While there was no new contract made between the receiver and the petitioner Beech Fork Timber Company, the receiver was directed by the court to carry out the contract. We construe this order to mean that the receiver would continue to receive and pay at the rate of the contract price for all timber delivered to the receiver under said contract by appellant after the receiver took charge of the operation of the business of the insolvent corporation. We cannot see that this would be permitting the receiver to receive the advantages of the contract without assuming the burdens of the contract. Without reviewing the numerous cases cited by appellant in its brief on this subject, neither of the cases cited deal with the question presented by this assignment of error. The appellant simply had its debt against the insolvent corporation at the time the original bill was filed. The receiver was simply directed to carry out the contract, i. e., continue to receive the timber cut and delivered by appellant under the contract and to pay to appellant therefor the contract price. Any amount owed by the complainant to appellant for timber cut and delivered up to the filing of the bill, was cut and delivered at the contract price. It was as much to the advantage of appellant that the receiver continue to receive and pay for the timber cut and delivered under the contract as it was to the receiver. The amount owing by the insolvent corporation to appellant at the time the original bill was filed represented the liquidated debt which the insolvent corporation then owed to appellant at the same rate per thousand feet for timber cut and delivered. The first assignment of error is accordingly overruled.

By the second assignment of error the same question is presented for the determination of this court as in the appeal of the Jellico Grocery Company. It it conceded that appellant is a foreign corporation organized under the laws of another State, and has duly qualified to conduct its business in this State by filing copy of its charter, etc., and has therefore domesticated under the laws of this State, being chapter 31 of the Acts of 1877, and the amendatory acts thereto. In considering and determining this same question in the opinion filed on the appeal of the Jellico Grocery Company, which was an appeal from the decree of the Chancellor in this same cause holding that a foreign corporation, even though domesticated under the laws of this State, would be postponed in the payment of its claim to simple contract creditors residents of this State and natural persons residents of other States, this court in reversing this holding of the Chancellor, held that a foreign corporation which had not been domesticated under the laws of this State, was postponed in the payment of claims against an insolvent foreign corporation domesticated and doing business in this

State, until the payment in full of the claims of resident simple contract creditors and natural persons of the same class of other States. (Blake v. McClung, 172 U. S., 239, 41 L. Ed., 432). But this court held that under the authority of Blake v. McClung, supra, in the Jellico Grocery Company appeal, that a foreign corporation was not "a citizen" within the meaning of the constitutional provision (sec. 2, Art. 4, Federal Constitution) "the citizens of each State shall be entitled to all privileges and immunities of citizens of the several States." But this court held that a corporation chartered under the laws of another State, having qualified under the laws of chapter 31 of Acts of 1877 to conduct its business in this State, and having become domesticated under the laws of this State, and having become subject to the jurisdiction of the courts of this State and subject to the processes issuing from the courts of this State, and conducting its business in this State, and becoming a simple contract creditor under the operations of this business of an insolvent foreign corporation doing business in this State, was entitled to share equally with resident creditors in the distribution of the assets of the insolvent corporation.

· In support of this holding by this court in the matter of the appeal of the Jellico Grocery Company, in this cause, the effect of the holding of the Supreme Court of the United States in Blake v. McClung, supra, was discussed and applied. The case of Coke & Coal Co. v. Steel Co., 123 Tenn., 432, in which case chapter 31 of the Acts of 1877, and amendatory acts thereto, was construed by our Supreme Court, was held by this court in the opinion filed in the Jellico Grocery Company appeal, to be authority for the holding of this court, that a foreign corporation having domesticated under the laws of this State was entitled to share equally with resident creditors of this State in the assets of a foreign insolvent corporation doing business in this State.

In view of the opinion filed by this court in the matter of the appeal of the Jellico Grocery Company, which appeal is from the same decree in the same cause as the appeal in the instant case, we deem it unnecessary to repeat here what we said in that case, or to quote and cite the authorities cited and quoted, and the reasoning upon which this court reached the conclusion that a foreign corporation having domesticated under the laws of this State, and having complied with chapter 31 of the Acts of 1877, and amendatory acts thereto, was entitled to be placed in the same class of other simple contract creditors resident of this State. The opinion in that case is referred to, and may be treated as a part of the opinion in the instant case so far as the holding of the court on the question made under this assignment of error is concerned.

This assignment of error is sustained and the decree of the Chancellor is reversed and the cause remanded for the purpose of

having the claim of this appellant placed in the same class with other simple contract creditors residents of this State.

Appellee makes the same question in the instant case as is made in the Jellico Grocery Company case, that no appeal was prayed or granted from the Chambers decree of the Chancellor. This contention is not sustained for the reason set forth in the opinion of this court in the case of the Jellico Grocery Company.

The cost of this appeal will be paid, one-half by appellant and sureties on the appeal bond, and one-half by complainant. The one-half to be paid by complainant will be taxed as other costs of the cause and paid out of the assets as other costs of the cause.

Heiskell and Owen, JJ., concur.